113 F.3d 1241
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Josephine Lata LAL & Jenny Lata Lal, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70151.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 18, 1997.*
Decided April 30, 1997.
 
 1
 Petition to Review a Decision of the Bureau of Immigration Appeals, Nos. Aag-eve-czv, Adm-pcv-rqg.
 
 BIA
 
 2
 REVIEW DENIED.
 
 
 3
 Before: NOONAN and TROTT, Circuit Judges, and MOSKOWITZ,** District Judge.
 
 
 4
 MEMORANDUM***
 
 
 5
 Josephine Lata Lal and Jenny Lata Lal, twin sisters who are natives and citizens of Australia, seek review of a decision by the Board of Immigration Appeals ("BIA") dismissing their appeal of an immigration judge's ("IJ") denial of their requests for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) and deny the petition for review.
 
 
 6
 We review a denial of asylum for an abuse of discretion. Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995). The factual findings underlying the decision will be upheld if supported by substantial evidence. Prasad v. INS, 47 F.3d 336, 338-39 (9th Cir.1995). We will uphold the decision unless the evidence compels a contrary result. INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).
 
 
 7
 To qualify for asylum, an applicant must show that she is a refugee as defined in 8 U.S.C. § 1101(a)(42)(A). A refugee is "any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided," and who is unable or unwilling to return to that country because of persecution or a well-founded fear of persecution. 8 U.S.C. § 1101(a)(42)(A).
 
 
 8
 In their application for asylum, the Lals alleged persecution only in Fiji. Although they were born in Australia, the petitioners contend they are entitled to asylum as Fijian refugees because they lived in Fiji for most of their lives. The IJ and BIA found the Lals to be Australian citizens and denied them asylum on that basis.
 
 
 9
 The IJ's factual determination of citizenship was supported by substantial, uncontroverted evidence. First, the Lal sisters have Australian birth certificates. Second, they have Australian passports that were issued on June 18, 1987 to replace the Australian passports they had been issued in 1976, the year of their birth. Third, the Lals have admitted the factual allegations in a May 3, 1994 order to show cause, including that they are natives and citizens of Australia. The petitioners suggest that their long-term residency in Fiji may have amounted to a renunciation of Australian citizenship, but they offer no evidence to support this position.
 
 
 10
 The Lals also argue that the IJ failed to consider the possibility that they are dual citizens of Australia and Fiji. Even if the Lals were dual nationals, however, they would not be entitled to asylum because they can return to Australia without fear of persecution. In any case, the INS may treat a dual national as a citizen of the country upon whose passport she entered the United States. See Wong v. Ilchert, 998 F.2d 661, 663 (9th Cir.1995).
 
 
 11
 The Lals contend that the BIA failed to explain its decision affirming the IJ. The BIA indicated, however, that it had reviewed the record of the proceedings, the IJ's decision, and the arguments raised on appeal. In affirming the IJ, the BIA also addressed the futility of the Lals' dual citizenship argument. Even without any additional explanation, the BIA's opinion would suffice, as the BIA may adopt the language and reasoning of the IJ's decision. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995).
 
 
 12
 The IJ's determination that the Lals are nationals of Australia is supported by substantial evidence. The IJ properly denied the Lals' application for asylum and the BIA properly dismissed their appeal.
 
 
 13
 We review for substantial evidence a decision to deny withholding of deportation. Kazlauskas v. INS, 46 F.3d 902, 907 (9th Cir.1995). Because the Lals failed to satisfy the lesser standard of proof required to establish eligibility for asylum, they necessarily failed to demonstrate eligibility for withholding of deportation. See Ghaly v. INS, 58 F.3d 1425, 1428-29 (9th Cir.1995).
 
 
 14
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-3
 
 
 **
 The Honorable Barry T. Moskowitz, District Judge for the Southern District of California, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3